UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------------X

ALFONSO GUAGENTI,

                                                      Plaintiff,

      -against-

CITY OF NEW YORK, MEGAN FINNERTY, Individually, JONATHAN BADILLO, Individually, and JOHN and JANE DOE 1 through 10, Individually, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                                                        Defendants.

---------------------------------------------------------------------------------X

**COMPLAINT**

Docket No.

<u>Jury Trial Demanded</u>

Plaintiff ALFONSO GUAGENTI, by his attorneys, Brett H. Klein, Esq., PLLC, complaining of the defendants, respectfully alleges as follows:

### **Preliminary Statement**

1. Plaintiff brings this action for compensatory damages, punitive damages, and attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States. Plaintiff also asserts supplemental state law claims.

### **JURISDICTION**

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is found upon 28 U.S.C. §§ 1331, 1343 and 1367.

### **VENUE**

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff ALFONSO GUAGENTI is a sixty-one-old male resident of New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants, MEGAN FINNERTY, JONATHAN BADILLO, and JOHN and JANE DOE 1 through 10, were duly sworn sergeants or police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

# FACTS

12. On June 27, 2023, at approximately 10:00 a.m., plaintiff ALFONSO GUAGENTI was present outside of 80-20 Northern Blvd, Jackson Heights, Queens, New York, a building that plaintiff owns and rents out, when he was falsely arrested by defendant NYPD officers including, but not limited to, defendants MEGAN FINNERTY and JONATHAN BADILLO.

13. On said date, while inside of the above referenced premises, plaintiff had been in a verbal dispute with one of his tenants who, during the dispute, assaulted and battered plaintiff by *inter alia* choking him around the neck.

14. Plaintiff immediately exited the building and called 911 to report the assault.

15. Officers from the 115th precinct responded to his call.

16. At no time did plaintiff assault, injure, or otherwise engage in any illegal behavior towards the tenant.

17. Plaintiff met the defendant officers outside and told them that he had placed the 911 call and explained that he had been choked by his tenant.

18. Plaintiff's neck was red, and paramedics were called for him.

19. Plaintiff's assailant was arrested.

20. Thereafter, and despite there being no reliable evidence that plaintiff had committed any crime, the responding NYPD Sergeant, defendant BADILLO, ordered that plaintiff be arrested as well.

21. Plaintiff informed defendant BADILLO that there were cameras which would corroborate that he was the victim and had at no time engaged in any arrestable offense.

22. Despite that there was no basis to believe plaintiff had been an aggressor, or was anything other than the victim of a crime, and without making any adequate effort to view the

cameras, or conducting any further investigation, the defendant officers arrested plaintiff and handcuffed him in extremely over tight handcuffs.

23. Plaintiff was arrested without probable cause and transported to the 115th police precinct.

24. Plaintiff requested that his handcuffs be loosened, but his requests were ignored.

25. Once at the precinct, plaintiff was needlessly placed in a holding cell for several hours.

26. Plaintiff was thereafter released without being charged with any crime or offense.

27. Defendants FINNERTY, BADILLO, and JOHN and JANE DOE 1 through 10 participated in and/or supervised and/or were present or otherwise aware of the incident and yet failed to intervene in the illegal conduct described herein despite a meaningful opportunity to do so.

28. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees; and pursuant to customs or practices of failure to train, monitor, or discipline officers with respect to completing thorough investigations before executing an arrest, and in particular a failure to review readily available surveillance evidence.

29. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware from lawsuits, notices of claims, complaints filed with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board, and extensive media coverage that many NYPD officers, including the defendants, engage in a practice of lax investigations and fail to review readily available video evidence or otherwise conduct adequate

investigations, a practice which has led to the false arrest of innocent individuals.

30. For instance, several other civil rights actions filed in this court have alleged false arrests involving NYPD's failure to review readily available video evidence, including, for example: *Adriana Guzman v. City of New York, et al.,* 18 CV 5206 (ENV) (RML); *Marko Vujinovic v. City of New York, et al.,* 22 CV 00640 (HG) (SJB); *Scarlet Mitchell v. City of New York, et al.,* 22 CV 7437 (NGG) (MMH).

31. Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiff's civil rights.

32. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

33. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

34. All of the aforementioned acts deprived plaintiff ALFONSO GUAGENTI, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

35. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority

attendant thereto.

36. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

37. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

38. As a result of the foregoing, plaintiff ALFONSO GUAGENTI sustained, *inter alia*, physical injuries, emotional distress, and deprivation of his liberty and his constitutional rights.

### Federal Claims

**AS AND FOR A FIRST CAUSE OF ACTION**
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

39. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40. Defendants arrested plaintiff ALFONSO GUAGENTI without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

41. Defendants caused plaintiff ALFONSO GUAGENTI to be falsely arrested and unlawfully imprisoned.

42. As a result of the foregoing, plaintiff ALFONSO GUAGENTI is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

43. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44. Defendants had an affirmative duty to intervene on behalf of plaintiff ALFONSO GUAGENTI, whose constitutional rights were being violated in their presence by other officers.

45. The defendants failed to intervene to prevent the unlawful conduct described herein.

46. As a result of the foregoing, plaintiff was falsely arrested.

47. As a result of the foregoing, plaintiff ALFONSO GUAGENTI is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

48. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49. Defendant BADILLO, who held a supervisory rank, personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of plaintiff via his participation in violating plaintiff's constitutional rights and in failing to properly supervise and train his subordinate employees.

50. As a result of the foregoing, plaintiff ALFONSO GUAGENTI is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A FOURTH CAUSE OF ACTION**
(Municipal Liability under 42 U.S.C. § 1983)

51. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

53. The aforementioned customs, policies, usages, practices, procedures and rules of defendant CITY OF NEW YORK via the New York City Police Department included, but were not limited to, inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff ALFONSO GUAGENTI's rights as described herein. As a result of the failure of CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

54. The foregoing customs, policies, usages, practices, procedures, and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being, and constitutional rights of plaintiff ALFONSO GUAGENTI.

55. The foregoing customs, policies, usages, practices, procedures, and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate

cause of the constitutional violations suffered by plaintiff ALFONSO GUAGENTI as alleged herein.

56. The foregoing customs, policies, usages, practices, procedures, and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff ALFONSO GUAGENTI as alleged herein.

57. As a result of the foregoing customs, policies, usages, practices, procedures, and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff ALFONSO GUAGENTI was unlawfully arrested.

58. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff ALFONSO GUAGENTI's constitutional rights.

59. As a result of the foregoing, plaintiff ALFONSO GUAGENTI is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**Supplemental State Law Claims**

60. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

61. Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to, and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

62. The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such

claim as aforesaid.

63. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

64. Plaintiff has complied with all conditions precedent to maintaining the instant action.

65. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

**AS AND FOR A FIFTH CAUSE OF ACTION**
(False Arrest under the laws of the State of New York)

66. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "65" with the same force and effect as if fully set forth herein.

67. Defendants arrested plaintiff ALFONSO GUAGENTI without probable cause.

68. Plaintiff was detained against his will for an extended period of time and subjected to physical restraints.

69. As a result of the aforementioned conduct, plaintiff ALFONSO GUAGENTI was unlawfully imprisoned in violation of the laws of the State of New York.

70. As a result of the aforementioned conduct, plaintiff ALFONSO GUAGENTI suffered emotional injury and loss of freedom.

71. Defendant City, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

72. As a result of the foregoing, plaintiff ALFONSO GUAGENTI is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

73. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "72" with the same force and effect as if fully set forth herein.

74. As a result of the foregoing, plaintiff ALFONSO GUAGENTI was placed in apprehension of imminent harmful and offensive bodily contact.

75. As a result of defendant's conduct, plaintiff ALFONSO GUAGENTI has suffered mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

76. The individually named defendants assaulted plaintiff. Defendant City, as employer of the each of the individually named defendant officers, is responsible for said officers' wrongdoing under the doctrine of *respondeat superior*.

77. As a result of the foregoing, plaintiff ALFONSO GUAGENTI is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

78. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "77" with the same force and effect as if fully set forth herein.

79. Defendants made offensive contact with plaintiff ALFONSO GUAGENTI without privilege or consent.

80. As a result of defendants' conduct, plaintiff ALFONSO GUAGENTI has suffered mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

81. The individually named defendants battered plaintiff. Defendant City, as employer of the each of the individually named defendant officers, is responsible for said officers' wrongdoing under the doctrine of *respondeat superior*.

82. As a result of the foregoing, plaintiff ALFONSO GUAGENTI is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR AN EIGHTH CAUSE OF ACTION**
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

83. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "82" with the same force and effect as if fully set forth herein.

84. Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who falsely arrested plaintiff ALFONSO GUAGENTI.

85. Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

86. As a result of the foregoing, plaintiff ALFONSO GUAGENTI is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A NINTH CAUSE OF ACTION**
(Negligent Training and Supervision under the laws of the State of New York)

87. Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs numbered "1" through "86" with the same force and effect as if fully set forth herein.

88. Upon information and belief, the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who falsely arrested, plaintiff.

89. As a result of the foregoing, plaintiff ALFONSO GUAGENTI is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A TENTH CAUSE OF ACTION**
(N.Y.C. Administrative Code §§ 8-801 through 8-807)

90. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "89" with the same force and effect as if fully set forth herein.

91. Plaintiff ALFONSO GUAGENTI's rights to be free from false arrest were violated by the conduct of the defendants which was in violation of New York City Administrative Code § 8-801 through 8-807.

92. The City of New York is liable as the employer of the defendants under New York City Administrative Code § 8-803(b).

93. Qualified immunity is no defense to this claim.

94. As a result of the foregoing, plaintiff ALFONSO GUAGENTI is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff ALFONSO GUAGENTI demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individual defendants in an amount to be determined by a jury;

(C) reasonable attorneys' fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
September 25, 2024

                                                     BRETT H. KLEIN, ESQ., PLLC
                                                   Attorneys for Plaintiff
                                                   305 Broadway, Suite 600
                                                   New York, New York 10007
                                                   (212) 335-0132

                                       By:     *Brett Klein*
                                                   BRETT H. KLEIN

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

ALFONSO GUAGENTI,

                                                Plaintiff,

                Docket No.

      -against-

CITY OF NEW YORK, MEGAN FINNERTY, Individually,
JONATHAN BADILLO, Individually, and JOHN and JANE
DOE 1 through 10, Individually, (the names John and Jane Doe
being fictitious, as the true names are presently unknown),

                                              Defendants.

--------------------------------------------------------------------------------X


**COMPLAINT**


**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132